FILED
CLERK U.S. DISTRICT COURT
AUG 16 2011
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

PHILLIP A. FLORA,
a.k.a. "Phil P.,"

    Defendant.

Case No.
SACV11-00299-AG-(JEMx)

STIPULATED PERMANENT INJUNCTION AND FINAL ORDER

    Plaintiff, Federal Trade Commission ("FTC" or "Commission") filed a Complaint for a Permanent Injunction and Other Relief, including redress to consumers and disgorgement of ill-gotten gains, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. 53(b) and 57b, and Section 7(a) of the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM Act"), 15 U.S.C. § 7706(a). Plaintiff and Defendant Flora, by and through their counsel, hereby stipulate to the entry of, and request the Court to enter, this Stipulated Permanent Injunction and Final Order ("Order"), to resolve all matters of dispute between them in this action.

**IT IS HEREBY STIPULATED, AGREED, AND ORDERED** as follows:

1. This is an action by the Commission instituted under Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, and the CAN-SPAM Act, 15 U.S.C. § 7706(a). The Commission has authority to seek the relief contained herein;

2. The Commission's Complaint states a claim upon which relief may be granted under Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and Section 7(a) of the CAN-SPAM Act, 15 U.S.C. § 7706(a);

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a), 53(b), and 7701;

4. Venue is proper in this district under 28 U.S.C. § 1391(b) and 15 U.S.C. § 53(b);

5. The activities of Defendant Flora as alleged in the Commission's Complaint are in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44;

6. Defendant Flora has entered into this Order freely and without coercion, and Defendant Flora acknowledges that he has read the provisions of this Order, understands them, and is prepared to abide by them;

7. Plaintiff and Defendant Flora, by and through their counsel, have agreed that the entry of this Order resolves all matters in dispute between them arising from the Complaint in this action, up to the date of entry of this Order;

8. This Order is for settlement purposes only, and does not constitute and shall not be interpreted to constitute an admission by Defendant Flora or a finding that the law has been violated as alleged in the Complaint, or the facts alleged in the Complaint, other than the jurisdictional facts are true, except as explicitly stipulated in Section V of this Order;

9. Defendant Flora waives all rights to seek appellate review or otherwise challenge or contest the validity of this Order. Defendant Flora further

waives and releases any claim he may have against the Plaintiff, its employees, representatives, or agents concerning the prosecution of this action to the date of this Order;

10. Defendant Flora agrees that this Order does not entitle him to seek or to obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order. Each settling party shall bear its own costs and attorneys fees; and

11. Entry of this Order is in the public interest.

## ORDER

## DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

### GENERAL DEFINITIONS

1. "**Asset**" means any legal or equitable interest in, right to, or claim to, any real and personal property, wherever located.

2. "**Defendant**" means Phillip A. Flora, a/k/a "Phil P." and any entity through which he does business.

3. "**Document**" is synonymous in meaning and equal in scope to the usage of the terms "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations from which information can be obtained or translated. A draft or non-identical copy is a separate Document within the meaning of the term.

4. "**Material Fact**" means any fact that is likely to affect a Person's choice of, or conduct regarding, goods or services.

5. "**Person**" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

3

6. **"Plaintiff," "FTC," or "the Commission"** means the Federal Trade Commission.

7. **"Representatives"** means any Person who:
   a. is in active concert or participation with Defendant; and
   b. receives actual notice of this Order by personal service or otherwise.

8. **"Unauthorized or Unsolicited Commercial Electronic Text Message"** means an unauthorized or unsolicited text message the primary purpose of which is a commercial advertisement or promotion of a commercial product or service (including the content on an Internet website operated for commercial purposes).

9. The words "and" and "or" shall be understood to have both conjunctive and disjunctive meanings.

## CAN-SPAM ACT DEFINITIONS

10. **"Commercial Electronic Mail Message"** means any electronic mail message the primary purpose of which is the commercial advertisement or promotion of a commercial product or service (including the content on an Internet website operated for commercial purposes). 15 U.S.C. § 7702(2).

11. **"Electronic Mail Address"** means a destination, commonly expressed as a string of characters, consisting of a unique user name or mailbox (commonly referred to as the "local part") and a reference to an Internet domain (commonly referred to as the "domain part"), whether or not displayed, to which an Electronic Mail Message can be sent or delivered. 15 U.S.C. § 7702(5).

12. **"Electronic Mail Message"** (or "email") means a message sent to a unique Electronic Mail Address. 15 U.S.C. § 7702(6).

13. **"Initiate"** or **"Initiation,"** when used with respect to a Commercial Electronic Mail Message, means to originate or transmit such message or to Procure the origination or transmission of such message. 15 U.S.C. § 7702(9).

4

14. **"Procure"** or **"Procurement,"** when used with respect to the Initiation of a Commercial Electronic Mail Message, means intentionally to pay or provide other consideration to, or induce, another Person to Initiate such a message on one's behalf. 15 U.S.C. § 7702(12).

15. **"Protected Computer"** means a computer which is used in interstate or foreign commerce or communication, including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce or communication of the United States. 15 U.S.C. § 7702(13).

16. **"Sender"** means a Person who Initiates a Commercial Electronic Mail Message and whose product, service, or Internet Web site is advertised or promoted by the message. 15 U.S.C. § 7702(16).

## CONDUCT PROHIBITIONS

### I.

**IT IS HEREBY ORDERED** that Defendant, whether acting directly or through a trust, corporation, subsidiary, division, or other device, is hereby permanently enjoined from sending, or assisting others in the sending of Unauthorized or Unsolicited Commercial Electronic Text Messages to mobile telephones or other wireless devices.

### II.

**IT IS FURTHER ORDERED** that Defendant and his Representatives, whether acting directly or through a trust, corporation, subsidiary, division, or other device, are hereby permanently enjoined from making, or assisting others in making, any false or misleading oral or written statement or representation of Material Fact when advertising, promoting, or selling any good or service, including, but not limited to any false or misleading statement or representation that Defendant, his Representatives, or any other Person is affiliated or associated with, under contract with, acting in partnership with, endorsed or approved by, or

otherwise connected to the United States government or any government agency, unit, or department.

### III.

**IT IS FURTHER ORDERED** that Defendant and his Representatives, whether acting directly or through a trust, corporation, subsidiary, division, or other device, are hereby permanently enjoined from violating the CAN-SPAM Act, 15 U.S.C. §§ 7701-7713, including but not limited to, Initiating, Procuring, or transmitting a Commercial Electronic Mail Message, or assisting others in the Initiation, Procurement, or transmission of a Commercial Electronic Mail Message, to a Protected Computer, that:

    A.    Does not include a clear and conspicuous notice of the recipient's opportunity to decline to receive further Commercial Electronic Mail Messages from the Sender at the recipient's Electronic Mail Address and describes the means by which the recipient can decline to receive future Commercial Electronic Mail Messages from the Sender; and

    B.    Does not include the Sender's valid physical postal address.

### COOPERATION PROVISION

### IV.

**IT IS FURTHER ORDERED** that Defendant shall, in connection with this action or any subsequent investigations related to, or associated with, the transactions or the occurrences that are the subject of the Plaintiff's Complaint, cooperate in good faith with the Plaintiff and any other governmental agency or entity, and appear at such places and times as the Plaintiff or any other governmental agency or entity shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by the Plaintiff or any other governmental agency or entity. If requested in writing by the Plaintiff or any other governmental agency or entity, Defendant shall appear and provide truthful

testimony in any trial, deposition, or other proceeding related to, or associated with, the transactions or the occurrences that are the subject of the Complaint, without the service of a subpoena upon him.

## MONETARY RELIEF

## V.

**IT IS FURTHER ORDERED** that judgment is hereby entered in favor of the Commission and against Defendant in the amount of $58,946.90, as disgorgement; *provided, however*, subject to the provisions of Section VI below, judgment shall be suspended upon Defendant's completion of the requirements stated in Subsections A & B of this Section.

A. Within ten (10) days of the entry of this Order, Defendant shall pay the Commission $32,000 by wire transfer in accordance with directions provided by counsel for the Commission.

B. Defendant relinquishes all dominion, control, and title to the funds paid to the fullest extent permitted by law. Defendant shall make no claim to or demand return of these funds, directly or indirectly, through counsel or otherwise.

C. Defendant agrees that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Order, including but not limited to a nondischargeability complaint in any bankruptcy case. Defendant further stipulates and agrees that the facts alleged in the Complaint establish all elements necessary to sustain an action pursuant to, and that this Order shall have collateral estoppel effect for purposes of, Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A).

D. In accordance with 31 U.S.C. § 7701, Defendant is hereby required, unless he has done so already, to furnish to the Commission his taxpayer identification number (Social Security number), which shall be used for purposes

of collecting and reporting on any delinquent amount arising out of Defendant's relationship with the government.

## RIGHT TO REOPEN

### VI.

**IT IS FURTHER ORDERED** that:

A. The Commission's agreement to and the Court's approval of this Order are expressly premised upon the truthfulness, accuracy, and completeness of Defendant's Financial Statements, all of which Defendant asserts are truthful, accurate, and complete. Defendant and the Commission stipulate that Defendant's Financial Statements provide the basis for the monetary judgment in Section V of this Order and that the Commission has relied on the truthfulness, accuracy, and completeness of Defendant's Financial Statements.

B. If, upon motion by the Commission, this Court finds that Defendant has (1) materially misstated in Defendant's Financial Statements, the value of any asset, (2) made any material misrepresentation or omitted material information concerning his financial condition by failing to disclose any asset that should have been disclosed in Defendant's Financial Statements, or (3) made any other material misstatement or omission in Defendant's Financial Statements, the Court shall terminate the suspension of the monetary judgment entered in Section V. The Court, without further adjudication, shall enter a modified judgment holding the Defendant liable to the Commission in the amount of $58,946.90 for disgorgement, less any amounts turned over to the FTC pursuant to Section V of this Order. Upon such reinstatement of the monetary judgment, the Court shall make an express determination that the judgment shall become immediately due and payable by the Defendant and the Commission shall be entitled to interest computed from the day of entry of this Order at the rate prescribed under 28 U.S.C. § 1961, as amended, on the unpaid balance. The Commission shall be permitted to execute on the judgment immediately after the suspension is lifted and engage in

1 discovery in aid of execution.

2     C.    Defendant acknowledges and agrees that (1) this monetary judgment is equitable monetary relief, solely remedial in nature, and not a fine, penalty, punitive assessment, or forfeiture; (2) any proceedings instituted under this Section would be in addition to, and not in lieu of, any other civil or criminal remedies as may be provided by law, including any other proceedings that the FTC may initiate to enforce this Order; and (3) all money paid to satisfy the monetary judgment is irrevocably paid for purposes of settlement between the parties.

    D.    Should this Order be modified pursuant to this Section, this Order, in all other respects, shall remain in full force and effect unless otherwise ordered by the Court.

## PROHIBITION ON RELEASE OF CUSTOMER INFORMATION OR CUSTOMER LISTS

### VII.

**IT IS FURTHER ORDERED** that Defendant and his Representatives, whether acting directly or through a trust, corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined from:

    A.    Selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, credit card number, bank account number, Electronic Mail Address, or other identifying information obtained from any Person who:

        1.    Provided the identifying information in response to any commercial electronic text message that was sent by Defendant or his Representatives prior to the date of this Order or any Commercial Electronic Mail Message that was sent, Initiated, Procured, or transmitted by Defendant or his Representatives prior to the date of this Order;

        2.    Provided the identifying information prior to the date of this

9

Order via any website or web page that is owned, operated, controlled, or registered in whole or in part by Defendant or his Representatives, on behalf of Defendant or his Representatives, or for the benefit of Defendant and his Representatives; or

       3.     Provided the identifying information prior to the date of this Order via any website or web page that was advertised in any commercial electronic text message that was sent by Defendant or his Representatives or Commercial Electronic Mail Message that was sent, Initiated, Procured, or transmitted by Defendant or his Representatives; and

   B.     Failing to dispose of such customer information in all forms in their possession, custody, or control within thirty (30) days after entry of this Order. Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

*Provided*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

## COMPLIANCE MONITORING

## VIII.

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Order:

   A.     Within ten (10) days of receipt of written notice from a representative of the Commission, Defendant shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in Defendant's possession or direct or

10

indirect control to inspect the business operation;

B. In addition, the Commission is authorized to use all other lawful means, including but not limited to:

1. obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45, and 69;

2. having its representatives pose as consumers and suppliers to the Defendant, his employees, or any other entity managed or controlled in whole or in part by the Defendant, without the necessity of identification or prior notice; and

C. Defendant shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present. *Provided however,* that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## COMPLIANCE REPORTING

## IX.

IT IS FURTHER ORDERED that, in order that compliance with the provisions of this Order may be monitored:

A. For a period of five (5) years from the date of entry of this Order,

1. Defendant shall notify the Commission of the following:

    a. Any changes in Defendant's residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

11

        b.      Any changes in Defendant's employment status (including self-employment), and any change in Defendant's ownership in any business entity, within ten (10) days of the date of such change. Such notice shall include the name and address of each business that Defendant is affiliated with, employed by, creates or forms, or performs services for; a detailed description of the nature of the business; and a detailed description of Defendant's duties and responsibilities in connection with the business or employment; and

        c.      Any changes in Defendant's name or use of any aliases or fictitious names within ten (10) days of the date of such change;

    2.    Defendant shall notify the Commission of any changes in structure of any business entity that Defendant directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to: incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; or a change in the business name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any such change in the business entity about which Defendant learns less than thirty (30) days prior to the date such action is to take place, Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.

    B.    One hundred eighty (180) days after the date of entry of this Order and annually thereafter for a period of five (5) years, Defendant shall provide a written report to the FTC, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied

and are complying with this Order. This report shall include, but not be limited to:

    1. Defendant's then-current residence address, mailing addresses, and telephone numbers;

    2. Defendant's then-current employment status (including self-employment), including the name, addresses, and telephone numbers of each business that such Defendant is affiliated with, employed by, or performs services for; a detailed description of the nature of the business; and a detailed description of such Defendant's duties and responsibilities in connection with the business or employment;

    3. Any other changes required to be reported under Subsection A of this Section; and

    4. A copy of each acknowledgment of receipt of this Order, obtained pursuant to the Section titled "Distribution of Order."

C. Defendant shall notify the Commission of the filing of a bankruptcy petition by Defendant within fifteen (15) days of filing.

D. For the purposes of this Order, Defendant shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier (not the U.S. Postal Service) all reports and notifications to the Commission that are required by this Order to:

    Associate Director for Enforcement
    Bureau of Consumer Protection
    Federal Trade Commission
    600 Pennsylvania Avenue, N.W.
    Washington, D.C. 20580
    RE: FTC v. Flora.

*Provided* that, in lieu of overnight courier, Defendant may send such reports or notifications by first-class mail, but only if Defendant contemporaneously sends an electronic version of such report or notification to the Commission at DEbrief@ftc.gov.

E. For purposes of the compliance reporting and monitoring required by

13

this Order, the Commission is authorized to communicate directly with the Defendant.

## RECORDKEEPING

### X.

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry of this Order, Defendant is hereby restrained and enjoined from failing to create and retain the following records for any business for which he is the majority owner or directly or indirectly controls:

A. Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B. Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C. Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D. Complaints and refund requests (whether received directly or indirectly, such as through a third party,) and any responses to those complaints or requests;

E. Copies of all sales scripts, training materials, advertisements, or other marketing materials; and

F. All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order required by the Sections titled "Distribution of Order" and "Acknowledgment of Receipt of Order" and all reports

submitted to the FTC pursuant to the Section titled "Compliance Reporting."

## DISTRIBUTION OF ORDER

### XI.

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, Defendant shall deliver copies of the Order as directed below:

A. Defendant as control person: For any business that Defendant controls, directly or indirectly, or in which Defendant has a majority ownership interest, Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and managers of that business; (2) all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting." For current personnel, delivery shall be within five (5) days of service of this Order upon Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities. For any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

B. Defendant as employee or non-control person: For any business where Defendant is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Order, Defendant must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

C. Defendant must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Section.

## ACKNOWLEDGMENT OF RECEIPT OF ORDER

### XII.

IT IS FURTHER ORDERED that Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## RETENTION OF JURISDICTION

### XIII.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

IT IS SO ORDERED, this 12TH day of AUG 2011, at 2:20 pm.

_____
Judge Andrew J. Guilford
United States District Judge
Central District of California

16

The parties consent to the terms and conditions set forth above and consent to entry of this Stipulated Permanent Injunction and Final Order at the Court's convenience and without further notice to the parties.

PLAINTIFF:

*[signature]*     Dated: 8/10/11

Robert G. Schoshinski, DC # 429736
rschoshinski@ftc.gov
Christine M. Todaro, OH # 0084976
ctodaro@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, DC 20580
(202) 326-3219 (Schoshinski)
(202) 326-3711 (Todaro)
(202) 326-3395 *facsimile*

Local Counsel
Raymond McKown
rmckown@ftc.gov
CA Bar No. 150975
Federal Trade Commission
10877 Wilshire Boulevard, Suite 700
Los Angeles, CA 90024
310-824-4325
310-824-4380 *facsimile*

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

```
 1 │ DEFENDANT:
 2 │
 3 │ [signature]                        Dated: 6/9/11
 4 │ ─────────────────────
   │ Philip A. Flora
 5 │
 6 │ [signature] Michael A. Th——        Dated: 6/16/11
 7 │ ─────────────────────
   │ Michael A. Thurman
 8 │ mthurman@loeb.com
   │ CA Bar No. 123303
 9 │ Loeb & Loeb
   │ 10100 Santa Monica Boulevard, Suite 2200
10 │ Los Angeles, CA 90067
   │ 310-282-2122
11 │ 310-919-3848 facsimile
12 │ Attorney for Defendant
13 │
...
28 │
```

18