JONATHAN E. NUECHTERLEIN
GENERAL COUNSEL

JAMES DAVIS
jdavis@ftc.gov
Federal Trade Commission
55 West Monroe Street, Suite 1825
Chicago, Illinois 60603
Telephone: (312) 960-5634
Facsimile: (312) 960-5600

Local Counsel
RAYMOND MCKOWN
rmckown@ftc.gov
CA Bar No. 150975
FEDERAL TRADE COMMISSION
10877 Wilshire Blvd., Suite 700
Los Angeles, CA 90024
Telephone: (310) 824-4325
Facsimile: (310) 824-4380

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PHILIP A. FLORA,<br><br>a.k.a. "Phil P.,"<br><br>Defendant. | Case No. SACV 11-00299 AG (JEMx)<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANT PHILIP A. FLORA SHOULD NOT BE HELD IN CONTEMPT**<br><br>**Date: March 24, 2014**<br>**Time: 10:00 a.m.**<br><br>Before U.S. District Judge Andrew Guilford |

Please take notice that on March 24, 2014, at 10:00 a.m., Plaintiff Federal Trade Commission will present a Motion for Order to Show Cause Why Defendant Philip A. Flora Should Not Be Held in Contempt before the Honorable Andrew Guilford, United States District Judge, Courtroom 10D, located at 411 West Fourth

1

Street, Santa Ana, California, for Defendant Flora's violation of Section I of the Stipulated Permanent Injunction and Order entered by the Court on August 12, 2011. *See* Dkt. 28.

This motion is based on this notice of motion and motion, the accompanying points and authorities and exhibits thereto, the files and records in this case and in *FTC v. Flora et al., d/b/a Seaside Building Marketing and SB Marketing,* No. SACV 13-00381 AG (C.D. Ca. March 3, 2013), and such further evidence and argument as may be presented at any hearing on this motion. This motion is made following a conference of counsel pursuant to L.R. 7-3, which took place by email between January 1 and January 16, 2014. *See* Declaration of James Davis § __.

Respectfully submitted,

Dated: February 21, 2014

/s/ James Davis
JAMES DAVIS
Attorney for the Plaintiff
Federal Trade Commission

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Federal Trade Commission ("FTC") returns to Court to enforce an August 2011 Stipulated Permanent Injunction and Order ("2011 Final Order") that defendant Phillip Flora began violating immediately after signing it. The core provision of this order permanently enjoins Flora from sending unsolicited commercial text messages to consumers. The Court prohibited this conduct based on evidence showing that Flora had sent millions of text messages to consumers promoting a deceptive mortgage modification service.

In flagrant violation of the 2011 Final Order, Flora continued inundating consumers with unsolicited commercial text messages. The new messages falsely informed recipients that they had been specially selected to receive a free $1,000 gift card. Flora employed a variety of ruses in an attempt to conceal his responsibility for this conduct, hiding behind aliases, family members, and acquaintances. Notwithstanding this subterfuge, the FTC obtained evidence clearly showing Flora's responsibility for a text spam operation that bombarded consumers with over 29 million messages in 2012 alone. Flora ultimately admitted to an FBI agent that he was solely responsible for this conduct.

After bringing a second law enforcement action against Flora addressing this conduct,[1] the FTC obtained a final judgment finding that Flora violated the Federal Trade Commission Act "in the course of sending, or assisting others in sending, millions of Unauthorized or Unsolicited Commercial Electronic Text Messages to

---

[1] *See FTC v. Flora et al., d/b/a Seaside Building Marketing and SB Marketing,* No. SACV 13-00381 AG (C.D. Ca. March 3, 2013) ("*Seaside*"). Because this contempt proceeding and the *Seaside* case arise from the same events and call for the determination of substantially similar issues of fact and law, the Commission filed the new case as a related action under Local Rule 83-1.3.

mobile telephones…." Because these practices violate clear and definite terms of the Court's 2011 Final Order, the FTC asks that Flora be held in civil contempt.

## II. PROCEDURAL AND FACTUAL BACKGROUND

### A. *FTC v. Flora I* (2011)

In February 2011, the Commission filed its complaint in this case to enjoin unfair and deceptive practices engaged in by Flora in violation of Section 5 of the Federal Trade Commission Act ("FTC Act"). Specifically, the FTC alleged that Flora blasted millions of email and text messages promoting purported mortgage modification services offered through the website, "LOANMOD-GOV.NET."[2] Some of Flora's text spam messages read:

> Homeowners, we can lower your mortgage payment by doing a Loan Modification. Late on payments OK. No equity OK. May we please give you a call? loanmod-gov.net.[3]

The website located at LOANMOD-GOV.NET claimed to provide "Official Home Loan Modification and Audit Assistance Information" beneath a graphic of the U.S. flag.[4] In its complaint, the FTC charged Flora with violating Section 5 of the FTC Act by: 1) engaging in the unfair transmission of text message spam; and 2) by deceptively representing that the mortgage modification business promoted in his text message spam was operated by or affiliated with a governmental entity.[5]

---

[2] PX 1, Complaint for Permanent Injunction and Other Equitable Relief ¶ 19.
[3] *Id.* ¶ 20.
[4] *Id.* ¶ 21.
[5] The FTC's complaint also alleged two violations of the CAN-SPAM Act related to Flora's email marketing campaigns.

Flora signed the 2011 Final Order on June 9, 2011 and the Court entered it on August 12, 2011.[6] Section I of the order permanently enjoins Flora from "sending, or assisting others in the sending of Unauthorized or Unsolicited Commercial Electronic Text Messages to mobile telephones or other wireless devices."[7] The order defines this term to include "unsolicited" text messages promoting "the content on an Internet website operated for commercial purposes."[8]

### B. *FTC v. Flora II* (2013)

The FTC filed a second enforcement action against Flora on March 5, 2013, charging him once again with violating the FTC Act by transmitting unsolicited text messages to consumers. On March 6, 2013, the Court entered a Temporary Restraining Order, finding that the Commission was likely to prevail on its claims against Flora.[9]

In addition to Flora, the FTC's complaint named three other individuals allegedly working in concert with him. On September 26, 2013, the FTC voluntarily dismissed all three of Flora's co-defendants after determining that they played insignificant roles in the misconduct charged. *Seaside* Dkt. 27.

On June 17, 2013, the Clerk of the Court entered an order of default against Flora for his failure to answer the FTC's complaint. *Seaside* Dkt. 26. On October 24, 2013, the FTC moved for entry of a default judgment against Flora. *Seaside* Dkt. 30. The FTC based its motion in part on sworn declarations from two of Flora's former co-defendants, Kevin Beans and Sandra Skipper. In these declarations, Beans and Skipper explained that they signed a fictitious business name application and opened a bank account as a favor to Flora, whom each

---

[6] PX 2, Stipulated Permanent Injunction and Final Order as to Philip A. Flora at 17, 18.
[7] *Id.* at 5.
[8] *Id.* at 4.
[9] PX 3, *Seaside* Temporary Restraining Order at 1.

identified as a friend. They claim to have had no knowledge of the conduct alleged in the Commission's complaint. As noted below, Flora eventually confirmed these statements in an FBI interview.

In an order dated November 25, 2013, the Court granted the FTC's motion for entry of a default judgment. Citing *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1997), for the general rule of law that the factual allegations of a complaint, except those relating to damages, are taken as true in the event of a default, the Court found:

- Flora had "transmitted at least 29 million unsolicited text messages to United States consumers since March 2012"; and
- Messages transmitted by Flora "purport that the recipient has won free merchandise . . . [but] fail to disclose that the consumers must incur costs and other obligations to obtain the purportedly free merchandise."[10]

Based on these facts and other allegations from the FTC's complaint taken as true, the Court entered an order finding that Flora had sent, "or assist[ed] others in sending, millions of Unauthorized or Unsolicited Commercial Electronic Text Messages to mobile telephones."[11] This conduct, the Court concluded, constituted deceptive and unfair practices in violation of Section 5 of the FTC Act.[12] The Court imposed a monetary judgment of $148,309, the total revenue generated by Flora's 2012 text spam campaigns.[13]

---

[10] PX 4, *Seaside* Order Regarding Default Judgment at 1.
[11] PX 5, *Seaside* Final Order for Permanent Injunction as to Defendant Philip Flora at 7.
[12] *Id*. at 8.
[13] *Id*. at 7.

### III. FLORA'S CONTEMPTUOUS BUSINESS PRACTICES

Days after signing the 2011 Final Order, Flora hatched an elaborate scheme to begin covertly violating it on a massive scale.[14] Though largely concealed by intermediaries, aliases, and phony addresses, Flora oversaw an operation responsible for inundating consumers with millions of unsolicited text messages. As noted above, the Court has already found that between March 2012 and the filing of the FTC's second lawsuit against him, Flora transmitted or arranged for the transmission of at least 29 million unsolicited text messages falsely informing recipients that they had been specially selected to receive a $1,000 gift card from Best Buy, Walmart, or other prominent retailers. These practices constitute a flagrant violation of Section I of the 2011 Final Order permanently banning Flora from sending unsolicited commercial text messages.

To disguise involvement in his new text spam business, Flora recruited three friends to open bank accounts that he then used to anonymously run the business and receive its proceeds. The FTC named these three individuals as co-defendants in its complaint, but voluntarily dismissed them after discovering that they had been duped by Flora into assisting him. Two of these individuals provided sworn declarations to the FTC outlining the limited assistance that they provided to Flora and affirming that they had no knowledge of his text spam business.[15]

Despite going to great lengths to conceal his involvement, Flora did not entirely succeed in doing so. For example, on June 26, 2012, Flora registered a domain name using the alias "Eric Fisher" at a non-existent address, but used his

---

[14] Flora signed the order on June 9, 2011. *See* PX 2 at 18. On June 29, 2011, Flora's acquaintance and former co-defendant, Dakota Geffre, opened a bank account subsequently used to purchase goods and services necessary to run Flora's new text message spam operation. *See* PX 6, Declaration of FTC Investigator Doug McKenney ("McKenney Dec.") ¶ 3(b).

[15] PX 7, Declaration of Kevin Beans ¶¶ 3-8 and PX 8, Declaration of Sandra Skipper ¶¶ 3-5.

personal credit card to pay for it.[16] The next day, consumers began filing complaints with the FTC regarding the receipt of unsolicited text messages containing this domain.[17] Records provided by AT&T indicate that its network transmitted over 850,000 of these messages.[18]

In the end, Flora acknowledged that he is solely responsibility for the text message operation that he continued to run after entry of the 2011 Final Order. On July 29, 2013, FBI special agents interviewed Flora at his home.[19] After initially absolving himself of responsibility by blaming the conduct on his co-defendants, Flora admitted that he had convinced these individuals to put the business in their names and stated that they had no knowledge of his activities.[20]

## IV. ARGUMENT

To find a party in civil contempt, the "moving party has the burden of showing by clear and convincing evidence that the contemnor violated a specific and definite order of the court." *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) (citation omitted). "The burden then shifts to the contemnors to demonstrate why they were unable to comply." *Id*. at 1239. The Court should hold Flora in civil contempt for violating the core provision of its 2011 Final Order, which unambiguously bars him from sending unsolicited commercial text messages or assisting others in doing so.

---

[16] McKenney Dec. ¶ 3(a).
[17] *Id*. ¶ 3(b).
[18] PX 9, Declaration of Cheri Kerstetter ¶ 12. The FTC has not submitted a 24-page attachment referred to in this declaration that contains information unrelated to the present motion.
[19] McKenney Dec. ¶ 4, Att. A.
[20] *See id*. Although the FBI's summary of this interview states that "its contents are not be distributed outside your agency," the FBI has authorized the FTC to use the document in support of this motion. *Id.*

8

Section I of the Order could hardly be more specific. It permanently bars Flora from any participation in a distinct business activity -- commercial text messaging. In particular, the Order provides:

> [Flora,], whether acting directly or through a trust, corporation, subsidiary, division, or other device, is hereby permanently enjoined from sending, or assisting others in the sending of Unauthorized or Unsolicited Commercial Electronic Text Messages to mobile telephones or other wireless devices.

The term "Unauthorized or Unsolicited Commercial Electronic Text Messages" is separately defined to mean "an unauthorized or unsolicited text message the primary purpose of which is a commercial advertisement or promotion of a commercial product or service (including the content of an Internet website operated for commercial purposes)."

Clear and convincing evidence establishes that Flora willfully engaged in the precise conduct explicitly prohibited under Section I of the 2011 Final Order. Specifically, Flora sent over 29 million unsolicited commercial text messages to consumers' mobile phones in under a year. A single domain name purchased by Flora appeared in over 850,000 text messages promoting a commercial website. Flora's attempt to hide behind others is belied by clear evidence of his involvement, including his own admission. This evidence unquestionably shows that Flora violated the 2011 Final Order by "sending, or assisting others in the sending" of prohibited text messages. Flora should therefore be held in civil contempt.

The FTC does not recommend imposition of compensatory sanctions for Flora's contempt because the final order entered by the Court in connection with the FTC's 2013 action includes a monetary judgment that reflects Flora's total revenue from his contemptuous conduct.[21] However, a civil contempt finding is

---

[21] The Commission has submitted a Proposed Order for Civil Contempt with this motion.

both necessary and appropriate in light of Flora's brazen, sustained determination to flout the Court's order. The FTC also requests that the Court refer this matter to the U.S. Attorney's Office for consideration of a criminal contempt prosecution.

## V. CONCLUSION

Section I of the Court's August 2011 Order clearly and unambiguously bars Flora from sending unsolicited commercial text messages to consumers or assisting others in doing so. Flora has deliberately violated this provision on a massive scale. Accordingly, the FTC requests that the Court enter the proposed Order to Show Cause.

Respectfully submitted,

Dated: February 21, 2014

/s/ James Davis
JAMES DAVIS
Attorney for the Plaintiff
Federal Trade Commission

**PROOF OF SERVICE**

I, James Davis, hereby certify as follows:

I am an attorney employed by and representing the Plaintiff, Federal Trade Commission. I am not a party to this action. On February 21, 2014, I electronically filed a copy of the foregoing "Notice of Motion and Motion for Order to Show Cause Why Defendant Philip Flora Should Not Be Held in Contempt" as well as supporting exhibits with the Court using the CM/ECF system. I served copies of these documents via Federal Express overnight delivery to:

Bobby Samini, Esq.
Samini Scheinberg PC
949 South Coast Drive, Suite 420
Costa Mesa, CA 92626
Attorney for Defendant Philip Flora

/s/ James Davis
James Davis